**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4942**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

RAUL GONZALEZ PEREZ, a/k/a Mula,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   James R. Spencer, Chief
District Judge.   (3:06-cr-00381-JRS-2)

Submitted:  July 2, 2008              Decided:  July 17, 2008

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Samuel P. Simpson V, MONTGOMERY & SIMPSON, LLP, Richmond, Virginia,
for Appellant.   Olivia N. Hawkins, OFFICE OF THE UNITED STATES
ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On October 18, 2006, Raul Gonzalez Perez was charged in a four count indictment with: (1) conspiracy to distribute 500 grams or more of a mixture containing a detectable amount of cocaine and 50 grams or more of a mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846 (2000) (Count One); (2) distribution of methamphetamine, in violation of 21 U.S.C.A. § 841 (West 2000 & Supp. 2007) (Count Two); (3) distribution of cocaine, in violation of 21 U.S.C. § 841 (Count Three); and (4) distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841. Perez entered into a plea agreement with the Government, in which he agreed to plead guilty to Count One of the indictment, and the Government agreed to dismiss the remaining counts.

Perez appeared for sentencing on September 12, 2007. The district court sentenced Perez to 87 months' imprisonment, which was the bottom of Perez's advisory guidelines range. Perez timely noted his appeal and has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). In his Anders brief, Perez does not identify any potential issues for appeal.[1] We affirm.

_____

[1]Perez has elected not to file a pro se supplemental brief.

On May 31, 2007, Perez appeared before a magistrate judge for a Rule 11 hearing.[2]  The magistrate judge conducted a thorough Rule 11 hearing.  The magistrate judge ensured that Perez's plea was knowing and voluntary, that Perez was aware of the maximum possibly penalty for Count One, that Perez was aware of the various trial rights waived by his plea, and that a factual basis existed to support his plea.  The magistrate judge also reviewed the relevant portions of Perez's plea agreement with him, including a stipulated statement of facts that indicated Perez conspired with another to sell 12.2 grams of methamphetamine on October 4, 2006, and one kilogram of cocaine and one pound of methamphetamine on October 5, 2006.

At sentencing, the district court properly calculated Perez's advisory guidelines range.  The court then heard argument from defense counsel who requested the court impose a sentence at the bottom of Perez's advisory guidelines.  After hearing Perez's allocution, the district court sentenced Perez to 87 months' imprisonment.  Finally, the record indicates that the district court was aware of its authority to impose a sentence outside the advisory guidelines range but found no basis justifying a departure.

---

[2]Perez specifically waived his right to have his Rule 11 hearing conducted by a district court judge.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Perez, in writing, of the right to petition the Supreme Court of the United States for further review. If Perez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Perez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>